[Civ. No. 1939.   Second Appellate District.—December 3, 1917.]

## CHARLES TITLOW et al., Respondents, v. FLORENCE TRADING COMPANY (a Corporation), Appellant.

## STELLA K. BELL et al., Respondents, v. FLORENCE TRADING COMPANY (a Corporation), Appellant.

NEGLIGENCE—SALE OF GASOLINE FOR KEROSENE—DESTRUCTION OF DWELL-ING FROM LAMP EXPLOSION—PROXIMATE CAUSE OF LOSS—QUESTION FOR JURY.— In an action against a trading company for damages for the destruction of a dwelling from the explosion of a lamp which had been filled by the occupant with gasoline instead of kerosene, it cannot be said that the negligence of the deliveryman of the defendant in mistakenly filling the cans kept on the premises for the reception of the two liquids was not the proximate cause of the loss, because of the fact that the wife of the occupant upon lighting the lamp and noticing its peculiar actions ran to call a neighbor, instead of picking up the lamp and running outside with it, as was done by the neighbor, since it was a question for the jury whether she acted as an ordinarily prudent person would have acted under all the circumstances.

APPEAL from judgments of the Superior Court of Los Angeles County, and from orders denying motions for new trial.   Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Fred W. Morrison, for Appellant.

Hindman & Yakey, and Raymond E. Hoyt, for Respondents.

WORKS, J., *pro tem.*—These two actions were consolidated and tried together before a jury. The respondent Charles Titlow was the occupant and the respondent Stella K. Bell was the owner of a certain dwelling-house which was destroyed by fire, the action having been commenced to recover damages from the Florence Trading Company for the negligence of one of its servants, which negligence is alleged to have been the proximate cause of the loss which respondents Titlow and Mrs. Bell suffered. Judgments were rendered in favor of the respondents, and it is from these judg-

ments and from orders denying motions for new trials that the Trading Company appeals.

The appellant contends that the evidence fails to show that the negligence charged against it, granting that such negligence existed, was the proximate cause of the fire, and that, accordingly, the verdict is without the support of evidence in that particular.

The jury was justified in finding the following facts to exist: The Trading Company was, during the period of interest to us now, in the mercantile business and sold gasoline and kerosene, which it delivered to its customers, one of whom was Titlow. Two cans were kept on the premises of Titlow, a round red can for the reception of gasoline and a square white can for the reception of kerosene, and the deliveryman of the Trading Company, knowing the use to which the cans were respectively put, had filled them on at least one or two occasions before the one which now concerns us. However, at that time—the time now in question—he reversed the process, placing kerosene in the round can and gasoline in the square can, filling them both full. Titlow's wife then, not knowing of the deliveryman's mistake, filled a kerosene lamp from the gasoline content of the square can, supposing she was getting the kerosene which it was her custom to draw from that receptacle. Some time after filling the lamp, Mrs. Titlow lighted it, although it was in the afternoon, for the purpose of heating her curling-iron. She was alone at the time. She says the lamp "exploded but I can't tell what happened. It didn't act right but I don't know what it did. I can't tell whether the flame shot up, or flickered, or what. I can't tell anything about whether it made a noise or not. I don't remember anything that happened. I grabbed the curtain and put it in front of me. I did not get any oil on me. I don't know where the lamp was." Later she testified that the lamp did "flicker, or spurted, I can't explain just what it was. I know it acted very peculiar." As soon as the lamp "exploded," to quote Mrs. Titlow, she ran to the front of the house and called Mrs. Strause, a neighbor who lived near at hand. Mrs. Strause hurried to the Titlow residence and, according to her, "went into the bedroom and picked up a rug and went into the bedroom and saw the lamp lit there and picked it up and ran out of doors with it. It was ablaze." This was on direct examination. On cross-

examination Mrs. Strause said: "I found the lamp on the floor in the bedroom, laying on its side. It was blazing. I ran through the front door and threw the lamp on the ground and I went back in the house." During these occurrences, and until after the lamp was carried out, Mrs. Titlow acted in a dazed manner. She nearly or quite lost consciousness at about the time Mrs. Strause returned from disposing of the lamp. The evidence also shows, from the testimony of experts and from tests made in the presence of the jury, that a lighted kerosene lamp, similar to the one in question here, filled with gasoline, or with a mixture of gasoline and kerosene, will not explode, within the ordinary meaning of that word, until it has burned from two to twelve minutes, and that, in the interim, it will burn with a hissing sound and with a sputtering flame eight or more inches high.

From this chain of facts and circumstances it is manifest that the lamp did not explode up to the time Mrs. Titlow ran to call Mrs. Strause, although the former does use that word in describing the phenomenon to which she was witness. It can have done no more than burn with a high, sputtering flame and with a hissing sound. It is claimed by appellant that Mrs. Titlow should have acted with greater presence of mind, that she should have disposed of the lamp herself, and that, because she did not, appellant's negligence cannot be said to have been the proximate cause of the damage which resulted from the fire. This claim cannot be maintained. Whether Mrs. Titlow acted as an ordinarily prudent person would have acted, under all the circumstances, was a question for the jury, and it may have well concluded that she, a woman, and unused to handling such affairs, could not have been expected to conduct herself differently, even if Mrs. Strause did do, when called, what Mrs. Titlow could have done as well without calling her. If the jury stopped to contrast the actions of the two women, it was entirely within its province in viewing the conduct of Mrs. Strause as arising from a rare presence of mind.

In support of its claim that the verdict is not supported by the evidence, the Trading Company asserts that Mrs. Titlow was guilty of contributory negligence in precipitating the lamp to the floor, in some manner unknown. Of course, the query naturally arises as to how the lamp got on the floor in the position in which Mrs. Strause found it. On this ques-

tion the jury may have indulged several assumptions. Mrs. Titlow may have held the lamp in her hand while lighting it and may have incontinently dropped it when it began its misbehavior. If that was not the case, she may have knocked it from some table or stand with the curtain which she mentions in her testimony, as she fled. Other assumptions as to the occurrence may have struck the jury; but whatever the jury assumed as an immediate cause for the precipitation of the lamp to the floor, it was justified in taking the position, the negligence of the defendant having been shown, that such immediate cause was the natural and to be expected consequence of that negligence, and that, therefore, the negligence was the proximate cause of the damage—the cause which set all other causes in motion.

The appellant contends that the trial court erred in refusing two certain instructions which were requested by it. The instructions were properly refused because, so far as they properly stated the law, they were covered by other instructions given.

The judgments and orders are affirmed.

Conrey, P. J., and James, J., concurred.